UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JOE HAND PROMOTIONS, INC.,**

Plaintiff,

v. **No. 4:26-cv-00114-P**

**ROCKY'S LIVE INCORPORATED, ET AL.,**

Defendants.

**MEMORANDUM OPINION & ORDER**

Before the Court is Plaintiff Joe Hand Promotions, Inc.'s, ("JHP") Motion for Default Judgment. ECF No. 20 at 1. The Court hereby **ORDERS** that the Motion is **GRANTED**.

The Clerk of the Court entered default on May 12, 2026. ECF No. 13. After considering Plaintiff's Motion for Default Judgment, the record on file, proof of service, grounds for default judgment and reasons set forth below, the Court hereby finds that Plaintiff's Motion for Default Judgment should be **GRANTED**. It is therefore **ORDERED** that the Court renders default judgment for Plaintiff JHP. It is so **ORDERED** that JHP recover damages from Defendant Rocky's Live Incorporated in the amount of **$12,990**. It is further **ORDERED** that Plaintiff JHP file with the Court a motion to recover reasonable attorneys' fees and full costs from Rocky's Live Inc. **within fourteen days** in accordance with the Federal Rules of Civil Procedure after this order.

Before the Court are also Defendants Roque Baires and Jocelyn Fuentes' (collectively, "Owners") Motions to Set Aside Default. ECF Nos. 14–15. After considering Owners Motions to Set Aside Default, the records on file, proof of service, grounds for motion to set aside and reasons set forth below, the Court hereby finds that Owners' Motion to Set Aside should be **DENIED**.

**BACKGROUND**

This is an anti-piracy case brought under the Federal Communications Act of 1934, as amended, 47 U.S.C. § 553 and 47 U.S.C. § 605. ECF No. 1 at 2. Plaintiff JHP is a corporation which specializes in distributing and licensing exclusive sporting events to commercial, non-residential establishments. ECF No. 1 at 4. Establishments can legally obtain the JHP sports program by paying a commercial sublicense fee for a desired program. ECF No. 1 at 5. Relevant here, JHP licensed the *Ultimate Fighting Championship® 284: Islam Makhachev vs. Alexander Volkanovski* mixed martial arts match (the "Program") held on February 11, 2023, through February 12, 2023. ECF No. 1 at 1.

Defendants Baires, Fuentes and Rocky's Live Inc. operate Rocky's Live Bar & Restaurant (the "Bar") in Haltom City, Texas. ECF No. 1 at 1–2. From February 11, 2023, to February 12, 2023, the Bar broadcasted the Program to its patrons. ECF No. 1 at 6. The Bar previously advertised across multiple social media platforms that they would have the Program played at the Bar, advertising their drink deals and no cover fee for the night of the Program. ECF Nos. 20 at 11; 22 at 20.

Owners and Rocky's Live Inc. failed to properly purchase the sublicense fee legally required to air the Program at the Bar. ECF No. 1 at 5–7. The price of the commercial sublicense fee for the Program was $866. ECF No. 20 at 10. Nonetheless, the Program was illegally aired at the Bar, via a manager's personal, noncommercial streaming account. ECF No. 22 at 9. And on three prior occasions, the Bar advertised watch parties for JHP exclusive fights on their social media without ever purchasing a sublicense through JHP. ECF No. 20 at 20.

On February 3, 2026, JHP filed its Complaint, alleging that Rocky's Live Inc. and Owners willfully engaged in wrongful acts for financial gain in violation of the Federal Communications Act (FCA). ECF No. 1 at 1, 6. JHP properly served Baires and Rocky's Live Inc. via substituted service March 28, 2026, by posting service at the property. ECF Nos. 11 at 1; 12 at 1. JHP properly served Fuentes through substituted service on April 1, 2026, via personal delivery. ECF No. 11 at 1. The deadline for the answers or responsive pleadings was April 20, 2026, and April 22, 2026. The Clerk entered default against Defendants per JHP's request on May 12, 2026. ECF No. 123. Baires and Fuentes failed to

respond until June 11, 2026, when the two filed their Motions to Set Aside Default. ECF Nos. 14 and 15. Rocky's Live Inc. failed to respond entirely. ECF No. 20. JHP accordingly moved for default judgment against Rocky's Live Inc. on June 25, 2026, and filed a response in opposition to the two Motions to Set Aside Default on June 30, 2026. ECF Nos. 20 and 22.

## LEGAL STANDARD

The Court has authority to render default judgment against a party that has not timely filed a responsive pleading or otherwise defended a suit. FED. R. CIV. P. 55(b)(2). In considering default judgment, Courts evaluate: (1) whether default judgment is procedurally warranted; (2) whether there is a sufficient basis in the pleadings to sustain the merits of a plaintiff's claims; and (3) what form of relief, if any, the plaintiff should receive. *See J & J Sports Productions, Inc. v. Morelia Mexican*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015).

As for the Motions to Set Aside Default, under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). To determine whether there is good cause, the court considers "three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Koerner v. CMR Constr. & Roofing*, L.L.C., 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).

"The language of this rule is discretionary, and 'the decision to set aside a default is committed to the sound discretion of the trial court.'" *Moreno v. LG Elecs., USA, Inc.*, 800 F.3d 694, 698 (5th Cir. 2015) (quoting *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). "The burden of showing good cause lies with the party challenging the default entry." *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018) (quoting *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003)).

## ANALYSIS

### A. Default Judgment is appropriate in these circumstances.

The Defendant, Rocky's Live Inc., violated federal law when they broadcasted the Program without a proper license. The FCA combats against the piracy of radio and television signals. *See* 47 U.S.C. §§ 553, 605. Unauthorized interception and broadcast of cable or other communication services violate 47 U.S.C. §§ 553 and 605. Because the FCA is a strict liability statute, JHP need only show that (1) the programs were shown in Defendants' Establishment; (2) the programs were shown without JHP's authorization; and (3) JHP is the exclusive licensee. *G&G Closed Circuit Events, LLC v. ASO Rock Restaurant and Lounge Inc.,* No. 3:25-CV-0941-X, 2026 WL 905516, at *2 (N.D. Tex. April 2, 2026).

JHP, with the aid of evidence asserted in an affidavit by a private investigator, established that the Program was aired at the Bar, without its authorization and that JHP was the exclusive licensee for the Program—in violation of the piracy/FCA statutes at issue. ECF Nos. 20–21. Since JHP has established Rocky's Live Inc.'s violation, JHP is entitled to calculated damages.

To determine whether default judgment is procedurally warranted, the Court considers a list of factors, known as the *Lindsey* factors, as instructed by the Fifth Circuit. Those are (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

As for the first factor, the Defendant has not appeared to dispute any material facts. As for the second factor, though Defendants' failure to adequately defend their actions may be more costly to Plaintiff, that is not enough to weigh this factor in Plaintiff's favor. "To establish prejudice, 'the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Joe Hand Promotions, Inc. v. Thibodeaux's Authentic Cajun Cookin LLC*, No. 3:19-CV-1633-S, 2019 WL 5790112, at *2 (N.D. Tex. Nov. 5, 2019) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290,

293 (5th Cir. 2000)). Regarding the third factor, the Defendant has not appeared to defend the action so default is proper. Fourth, Defendant did not offer any evidence to excuse default. Fifth, the default judgment is not too harsh because Defendant has had nearly six months to respond, and finally, there appears to be no defense that would save the Defendant in a Motion to Set Aside Default. So default judgment is procedurally appropriate.

Having found sufficient basis for default judgment, the Court must consider any damages JHP is entitled. Since JHP's requested statutory damages, enhanced damages, and costs can be determined with certainty, the Court finds that no hearing is required and awards **$2,598** in statutory damages and **$10,392** in enhanced damages due to Defendant's violation of § 605. The Court also awards post-judgment interest and attorneys' fees to JHP.

The calculations below are in line with the calculations made by other courts in response to similar violations. In assessing statutory damages under § 605, courts consider various factors, including the number of patrons in the establishment at the time of the violation and the licensing fee. *Joe Hand Promotions, Inc. v. 2 Tacos Bar & Grill*, LLC, No. 3:16-cv-1889-M, 2017 WL 373478, at *3 (N.D. Tex. Jan. 26, 2017).

In this case, the Program cost $866. ECF No. 21-4 at 1. JHP submits evidence that a private investigator counted only fifteen patrons inside the Bar on the night of the Program with a capacity of fifty, six TVs and no cover was charged upon entry. ECF No. 21-5 at 1–2. Thus, the Court concludes that three times (3x) the licensing fee is reasonable to deter the misconduct. Thus, the court awards **$2,598** in statutory damages in this action.

For additional damages, Courts generally enhance damages by applying a multiplier between three and five times to the amount awarded in statutory damages. *Joe Hand Promotions, Inc. v. Mickey's Sports Bar & Grill, LLC*, No. 3:17-CV-1312-S (BK), 2018 WL 3039256, at *4 (N.D. Tex. May 8, 2018) *adopted*, 2018 WL 3038510 (N.D. Tex. June 19, 2018). In determining the multiplier, courts consider the egregiousness of the conduct such as whether defendants advertised the

event, whether they charged a cover, the number of repeat offenses and the number of patrons. *See, e.g., id.* (applying a 3X multiplier where defendant did not charge cover, did not advertise, was not a repeat offender, and with about 15 patrons); *see also Joe Hand Promotions, Inc. v. Alima*, No. 3:13-CV-0889-B, 2014 WL 1632158, at *5 (N.D. Tex. Apr. 22, 2014) (applying a 4X multiplier where defendant charged $5 cover, played the event on nine screens, and had approximately 85-125 patrons); *J & J Sports Prods., Inc. v. Beck*, No. L-13-57, 2013 WL 5592333, at *3 (S.D. Tex. Oct. 9, 2013) (awarding 3X multiplier where defendant did not charge cover, only 30 patrons viewed the event, and defendant was not a repeat violator).

Because the Defendants exhibited the Program on at least six screens, did not charge a cover fee, advertised the Program prior to the fight, along with food and drink specials, had at least fifteen patrons and were repeat offenders against JHP, the Court applies an enhanced damages award of four times (4X) JHP's statutory damages totaling **$10,392.** The court therefore awards JHP total damages in the amount of **$12,990.**

The Court also grants Plaintiff post-judgment interest. Federal law always determines post-judgment interest. *See Bos. Old Colony Ins. Co. v. Tiner Assocs., Inc.*, 288 F.3d 222, 234 (5th Cir. 2022). The federal post-judgment interest rate is governed by 28 U.S.C. § 1961(a), which sets the rate at the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of judgment. Post-judgment interest is available "on the entire amount of the final judgment, including damages, prejudgment interest, and attorney's fees." *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991). Post-judgment interest accrues from the date of judgment. *See* § 1961(a). For the calendar week preceding the Court's judgment, the federal rate was **4.02%.** Therefore, the Court awards post-judgment interest on the final judgment award, including all damages, attorney's fees, and costs, at a rate of **4.02%**, as calculated from the judgment date.

Finally, JHP seeks attorney's fees and full costs of suit pursuant to § 605(e)(3)(B)(iii) from Rocky's Live Inc. granting leave to Plaintiff to file a fee affidavit and Bill of Costs **within fourteen (14) days after final**

**judgment** as to all parties and all claims has been entered in this case. ECF No. 20 at 23.

**B. The Motions to Set Aside Default present no meritorious defenses.**

The Motions to Set Aside Default fail to provide the Court with a meritorious defense that would warrant the continuation of this lawsuit. To determine whether there is good cause to set aside default, the court considers "three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Koerner*, 910 F.3d at 225. Without a meritorious defense, any attempt to set aside default is futile. "A district court may decline to set aside default judgment if the defendant 'fails to present a meritorious defense sufficient to support a finding on the merits.'" *Joe Hand Promotions, Inc. v. One Love Natural Mystic LLC, et al.*, No. 4:22-cv-008-7-O-BP, 2023 WL 5242547, at *3 (N.D. Tex. July 23, 2023), *rec. adopted*, 2023 WL 5254663 (W.D. Tex. Aug. 15, 2023) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). As explained in Section A, the Bar violated the FCA, which is a strict liability statute. The individual Defendants, who worked for the Bar, come into play through vicarious liability.

For those individuals, the legal question is whether they had "[1] the right and ability to supervise the unauthorized activities of the establishment" and had "[2] an obvious and direct financial interest in those activities." *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753–54 (S.D. Tex. 2014). "Even if Defendants were unaware of the [Program] being broadcast at their Establishment, personally had no intent to broadcast it, and realized no financial gain from it, Defendants are still vicariously liable for this willful violation of the statute." *Id.* at 749. "Because of the strict liability nature of the FCA, officers, directors, members, and managers are held individually liable for the [FCA] violations under the theory of vicarious liability." *G&G Closed Circuit Events, LLC v. Alamo Card House, LLC*, SA-20-CV-01094-XR, 2021 WL 5810558, at *5 (W.D. Tex. Dec. 7, 2021).

As Defendant R. Baires admits, he himself opened the restaurant the day of the incident. ECF No. 16 at 2. And Defendant J. Baires was listed

as an officer of the business entity on its corporate documents. ECF Nos. 15, 17. So they are vicariously liable for the operations of the Bar as employees and/or officers and had financial interests in its success. What's more, in no way does J. Baires deny having a financial interest in the Bar, ECF No. 17, and because R. Baires opened the restaurant, he undoubtedly had a financial stake in its success that night. So there is no worthwhile defense to Plaintiff's claims.

Accordingly, the Motions to Set Aside Default are **DENIED**.

## FINDINGS

Based on the Plaintiff's pleadings, the Court makes the following findings:

1. Summons were executed on Defendants on February 5, 2026;
2. Defendants failed to give a timely answer to Plaintiff's complaint after being properly served and accordingly put on notice;
3. Defendant Rocky's Live Inc. failed to respond entirely;
4. Defendants Baires and Fuentes Motions to Set Aside failed to provide adequate information that their default was not willful, that there was absolutely no prejudice suffered by Plaintiff and that their defenses presented would be applicable to the strict liability claim at hand;
5. Defendants' Motion to Set Aside is denied, which is through this Court's discretion;
6. Defendants are not infants, incompetent, or military members;
7. Rocky's Live Inc. is liable to Plaintiff by the strict liability statute which it violated;
8. Defendants' violation resulted in damages owed to Plaintiff;
9. Plaintiff has established with reasonable certainty that he is entitled to statutory damages, which based on the evidence shall be 3X the original $866 which the sublicense fee cost, totaling **$2,598**;
10. Plaintiff has also established he is entitled to additional damages, which based on the evidence shall be 4X the statutory damages calculated above, totaling **$10,392**;
11. In total, Plaintiff at the hands of Rocky's Live Inc., suffered **$12,990** in statutory and additional damages;

12. Plaintiff has also established that he is entitled to reasonable attorneys' fees and full costs for this action. Thus, Plaintiff's bill must be filed within fourteen days after this judgment in accordance with Federal Rules of Civil Procedure 54 (d);
13. And Plaintiff has established that he is entitled to post-judgment interest of 4.02%.

It is further **ORDERED** that **within thirty days** after this Order, Defendants shall file with this Court and serve upon Plaintiff a sworn written report setting forth in detail the manner in which Defendant Rocky's Live Inc. has compiled with this Order. It is also **ORDERED** that Plaintiff provide notice to Defendants or Defendants' counsel of this Order and to follow and provide notice to the Court **within seven days** of completion of such notice.

Lastly, the Court **ORDERS** Plaintiff to move for default judgment against the remaining defendants within **seven days** of the filing of this order.

In conclusion, the Motion for Default Judgment is **GRANTED IN PART**. ECF No. 20. The Motions to Set Aside Default are **DENIED**. ECF Nos. 14–15.

**SO ORDERED** on this **30th day of July 2026**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE